UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUAINTERRI HOWARD, aka ) | |
| QUAINTERRI THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18 CV 346 CDP |
| ) | |
| CROWN HOLDINGS, LLC, dba ) | |
| DAY KNIGHT AND ASSOC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Quainterri Howard, aka Quainterri Thomas, brings this lawsuit against defendant Crown Holdings, LLC, dba Day Knight and Associates, claiming that defendant violated Section 1692e(8) of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. Specifically, plaintiff alleges that defendant reported plaintiff's alleged consumer debt to a consumer credit reporting agency in February of 2017 without listing the account as "disputed by customer." Defendant has moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, or in the alternative, for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Defendant contends that plaintiff's complaint was filed outside the one-year FDCPA statute of limitations contained in Section 1692(k)(d) and is therefore time barred. In response, plaintiff asks the Court to adopt the discovery rule or the equitable tolling doctrine and hold that her discovery of defendant's alleged FDCPA

violation, and not the date of the alleged violation itself, is the date from which the statute of limitations begins to run. Because I find that neither the discovery rule nor the equitable tolling doctrine applies to plaintiff's FDCPA claim, I will dismiss the complaint as time barred.

## I. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).
Rule 8(a)(2), Fed. R. Civ. P., provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). To survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Neitzke*, 490 U.S. at 327.

Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed. Judgment on the pleadings is only appropriate "'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'" *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)). A court views "all facts pleaded by the nonmoving party as true and grant[s] all reasonable inferences in favor of that party." *Poehl*, 528 F.3d at 1096 (citation omitted). Generally, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010); *In re Pre–Filled Propane Tank Antitrust Litig.*, No. 14-02567-MD-W-GAF, 2016 WL 6963059, at *2 (W.D. Mo. Jan. 13, 2016).

## II. Background[1]

The complaint alleges that defendant Crown Holdings, a debt collector, violated the FDCPA in connection with the collection of a debt plaintiff allegedly owed to Pro Guard, Inc. Plaintiff directly contested this debt with defendant by means of a dispute letter on January 3, 2017. In February of 2017, defendant re-reported the alleged debt to a credit reporting agency but failed to list the account as

---

[1] The facts contained herein are taken from the allegations set out in Howard's complaint. They are considered true for the purpose of this Memorandum and Order. *See Iqbal*, 556 U.S. at 678–79; *Neitzke*, 490 U.S. at 326–27.

3

"disputed by customer."[2] Plaintiff examined her credit report on March 20, 2017, and found that defendant had re-reported the credit account.

On March 1, 2018, plaintiff filed a complaint against defendant, setting forth allegations of unfair debt collection practices in violation of the FDCPA. On April 6, 2018, defendant moved to dismiss plaintiff's complaint.

### III. Discussion

Defendant asserts that plaintiff's FDCPA claim is barred by § 1692k(d)'s one-year statute of limitations. Specifically, defendant contends that the statute of limitations began to run in February 2017, the month the complaint alleges defendant violated the FDCPA by re-reporting plaintiff's account to a consumer credit reporting agency without listing the account as disputed. Because plaintiff did not file her complaint until March 1, 2018, more than a year after the violation, defendant argues it is time-barred.

In response, plaintiff first suggests her claim is timely because the "discovery rule" is applicable. Under the "discovery rule," a cause of action accrues when an injury is discovered by the plaintiff. *See Union Pac. R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998). According to the discovery rule, the statute of limitations would begin to run here when plaintiff examined her credit report on March 20, 2017, and discovered that defendant had re-reported the credit account. However, as

---

[2] Plaintiff's complaint does not specify the exact date of defendant's alleged reporting violation, just the month. This omission is not relevant to defendant's argument as the complaint was filed more than a year after the violation regardless of which specific day it occurred on in February 2017.

plaintiff concedes in her response brief, the FDCPA limitations period is not subject to the discovery rule in the Eighth Circuit. *See Martin v. United Collections Bureau, Inc.*, No. 4:14-CV-804-JAR, 2015 WL 4255405, at *5 (E.D. Mo. July 14, 2015) ("[b]ecause the FDCPA's statute of limitations is deemed jurisdictional in the Eighth Circuit, the limitation period is not subject to a general discovery rule").

Plaintiff also argues her complaint was timely filed because the FDCPA statute of limitations period is subject to equitable tolling. Under the doctrine of equitable tolling, plaintiff contends that the limitations period began to run, not from the date of the violation, but on March 20, 2017, when she became aware that defendant failed to list the account as "disputed by consumer."

An action under the FDCPA must be brought within one year from the date on which the violation occurs. *See* 15 U.S.C.A. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."); *Moss v. Barton*, No. 4:13-CV-2535 RLW, 2016 WL 1441146, at *2 (E.D. Mo. Apr. 8, 2016). In *Mattson v. U.S. W. Commc'ns, Inc.*, 967 F.2d 259, 260 (8th Cir. 1992), the Eighth Circuit held that the FDCPA's statute of limitations was jurisdictional and could not be equitably tolled. *See also Hageman v. Barton*, No. 14-3665, 2016 WL 1212235, at *4 (8th Cir. Mar. 29, 2016) ("[T]he FDCPA's statute of limitations is jurisdictional. It is well-established, as a general matter in the Eighth

Circuit, that jurisdictional limitation periods are not subject to equitable tolling."). Plaintiff does not address *Mattson* or *Hageman* and instead asks the Court to follow a Sixth Circuit case, *Mooneyham v. GLA Collection Co.*, 2015 U.S. Dist. LEXIS 73494 (W.D. Ky. June 8, 2015), which applied equitable tolling to a FDCPA claim. However, I decline plaintiff's invitation to ignore binding Eighth Circuit precedent and equitably toll the FDCPA's statute of limitations.

As the discovery rule and the equitable tolling doctrine are inapplicable here, I find plaintiff's FDCPA claim is time barred. Thus, the complaint fails to allege facts upon which relief can be granted and defendant is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [8] is **GRANTED** and this case is dismissed with prejudice.

A separate judgment is entered this date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of July, 2018.